IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KERRY L. HOUSTON,                                        Civil No. 05-551-CO

       Plaintiff,                               FINDINGS AND RECOMMENDATION

          v.

JO ANNE B. BARNHART,
Commissioner, Social Security Commission,

       Defendant.


COONEY, Magistrate Judge.

      Plaintiff Kerry L. Houston brings this action pursuant to section 205(g) of the

Social Security Act, as amended (Act), 42 U.S.C. § 405(g), to obtain judicial review

of the Commissioner's final decision denying plaintiff's application for disability

insurance benefits.  For the several reasons set forth below, the decision of the

Commissioner should be reversed and remanded for further administrative

proceedings.

## BACKGROUND

Plaintiff applied for disability insurance benefits alleging disability commencing October 31, 2001.  His applications  were denied.  Plaintiff requested a hearing, which was held before an Administrative Law Judge (ALJ) on September 15, 2003. Plaintiff, represented by counsel, appeared and testified, as did two lay witnesses, a medical expert, and a vocational expert.  On December 18, 2003, the ALJ rendered an adverse decision, and the Appeals Council denied plaintiff's request for review.

At the time of the ALJ's decision, plaintiff was forty-five years old.  Plaintiff has a high school education.  He has relevant past work experience as a sawmill worker, a hearing and air conditioning repair person, and an aide in a nursing home. Plaintiff alleges disability as of October 31, 2001, based upon depression and arthritis.  The relevant medical evidence is discussed below.

## **STANDARDS**

This Court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  Substantial evidence is "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).  The Court considers the record as a whole, and  weighs "both the

evidence that supports and detracts from the [Commissioner's] conclusion." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). Where the evidence is susceptible of more than one rational interpretation, the Commissioner's conclusion must be upheld. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982). Questions of credibility and resolution of conflicts in the testimony are functions solely of the Commissioner, Waters v. Gardner, 452 F.2d 855, 858 n.7 (9th Cir. 1971), but any negative credibility findings must be supported by findings on the record and supported by substantial evidence, Ceguerra v. Sec'y of Health & Human Servs., 933 F.2d 735, 738 (9th Cir. 1991). The findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive. 42 U.S.C. § 405(g). However, even where findings are supported by substantial evidence, "the decision should be set aside if the proper legal standards were not applied in weighing the evidence and making the decision." Flake v. Gardner, 399 F.2d 532, 540 (9th Cir. 1968); see also Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984). Under sentence four of 42 U.S.C. § 405(g), the Court has the power to enter, upon the pleadings and transcript record, a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the cause for a rehearing.

## COMMISSIONER'S DECISION

The initial burden of proof rests upon the claimant to establish disability. Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, a

claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ."  42 U.S.C. § 423(d)(1)(A).

A five-step sequential process exists for determining whether a person is disabled.  Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920.

In step one, the Commissioner determines whether a claimant is engaged in "substantial gainful activity."  Yuckert, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b).  In the present case, the ALJ found that plaintiff had not engaged in substantial gainful activity during the period under review.  (Tr. 18, 22.)

In step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments."  If the Commissioner finds in the negative, the claimant is deemed not disabled.  If the Commissioner finds a severe impairment or combination thereof, the inquiry moves to step three. Yuckert, 482 U.S. at 140-41; 20 C.F.R. §§ 404.1520(c), 416.920(c).  In the instant case, the ALJ found that plaintiff's major depressive disorder and drug and alcohol dependence are severe impairments.  (Tr. 18, 22.)  Accordingly, the inquiry moved to step three.

In step three, the analysis focuses on whether the impairment or combination of impairments meets or equals "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." Yuckert, 482 U.S. at 140-41; see 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the analysis proceeds to step four. Yuckert, 482 U.S. at 141. In this case, the ALJ found that plaintiff's impairments, either singly or in combination, were not severe enough to meet or medically equal any of the listed impairments. (Tr. 18, 22.)

In step four, the Commissioner determines whether the claimant can still perform his "past relevant work." If the claimant is so able, then the Commissioner finds the claimant "not disabled." Otherwise, the inquiry advances to step five. 20 C.F.R. §§ 404.1520(e), 416.920(e). The Commissioner must first identify the claimant's residual functional capacity (RFC), which should reflect the individual's maximum remaining ability to perform sustained work activities in an ordinary work setting for eight hours a day, five days a week. Social Security Ruling (SSR) 96-8p. The RFC is based on all relevant evidence in the case record, including the treating physician's medical opinions about what an individual can still do despite impairments. Id. In this case, the ALJ found that plaintiff had the following RFC:

> lift up to 50 pounds occasionally and 25 pounds frequently; stand 6 to 8 hours; push and/or pull up to 50 pounds; mild hearing impairment; anger control problem which affects his ability to work around others;

occasional fatigue; mild impairment on short-term memory and concentration goes from a mild to moderate impairment.

(Tr. 21.)  The ALJ found that plaintiff could not perform his past relevant work.  (Tr. 21, 22.)  Accordingly, the inquiry moved to step five.

In step five, the burden is on the Commissioner to establish that the claimant is capable of performing other work that exists in the national economy.  Yuckert, 482 U.S. at 141-42; 20 C.F.R. §§ 404.1520(f), 416.920(f).  If the Commissioner fails to meet this burden, then the claimant is deemed disabled.  Here, the ALJ found that plaintiff retained the residual functional capacity to perform a significant number of other jobs existing in the national economy, such as night janitor, photocopying machine operator, and produce sorter.  (Tr. 21-22, 22.)  Therefore, the ALJ found that plaintiff was not under a disability.  (Tr. 22.)

## DISCUSSION

Plaintiff asserts that the ALJ's decision should be reversed because it is unsupported by substantial evidence and because it is based on improper legal standards.  Plaintiff argues that the ALJ erred by:  (1) failing to order the medical reports concerning plaintiff's depression; (2) improperly rejecting and/or ignoring lay witness testimony and written statements; (3) failing to properly evaluate his RFC; and (4) finding plaintiff capable of performing other work identified by the vocational expert because the hypothetical was deficient.

**Development of the record**

Plaintiff contends that, although noting the absence of records from Open Door Counseling in his decision, the ALJ erred by failing to obtain these medical records which is contrary to the Act and regulations. Defendant responds that the ALJ fully and fairly developed the record and was under no duty to order any more counseling records.

Prior to making a decision, the ALJ is required to develop a claimant's medical history for at least the twelve months preceding the claim. 20 C.F.R. § 404.1512(d) (2003). In the Ninth Circuit, the ALJ has an "independent '"duty to fully and fairly develop the record and to assure that the claimant's interests are considered."'" Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001) (quoting Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996)).

> Ambiguous evidence, or the ALJ's own finding that the record is inadequate to allow for proper evaluation of the evidence, triggers the ALJ's duty to "conduct an appropriate inquiry." The ALJ may discharge this duty in several ways, including: subpoenaing the claimant's physicians, submitting questions to the claimant's physicians, continuing the hearing, or keeping the record open after the hearing to allow supplementation of the record.

Tonapetyan, 242 F.3d at 1150 (citations omitted). Such a duty exists even where the claimant is represented by counsel. Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983).

In his decision, the ALJ noted that the record indicated that plaintiff had received counseling from the Open Door Counseling Center "although there are no records from this facility in the file (Exhibit 1F, p. 9 [Tr. 320])."  (Tr. 18.)  He also noted in his decision that plaintiff had been receiving treatment during the last month by Pat Rogers, the case manager at the Center, who was not a clinically trained clinician.  (Tr. 302, 320)

Plaintiff applied for disability benefits on March 18, 2002.  Pursuant to the Act and regulations, the ALJ had a duty to develop a complete medical history for the twelve months preceding the month of his application.  20 C.F.R. § 404.1512(d) (2003).  However, "complete medical history" means the "records of [a claimant's] medical source(s)."  20 C.F.R.  404.1512(d)(2) (2003).  The record indicates that Pat Rogers is a therapist, someone who is not a "clinically trained clinician." (Tr. 19, 302, 321); a therapist is not a "medical source" under the regulations, but is considered an "other source."[1]  20 C.F.R. §§ 404.1512(a)(d).  Thus, although the records were prepared within the twelve months preceding plaintiff's application, the ALJ had no duty to obtain the records from the Center, since they did not constitute part of his medical history under the regulations.

---

[1] Further, 20 C.F.R. § 404.1513(d) (2003) provides in pertinent part that, "In addition to evidence from the acceptable medical sources listed in paragraph (a) of this section, we **may** also use evidence from other sources to show the severity of your ability to work. . . ." (Emphasis added.)

8 - FINDINGS AND RECOMMENDATION

Nor did the ALJ have a duty under 20 C.F.R. § 404.1512(e), cited by plaintiff in support of his contention. That regulation relates to recontacting medical sources when the evidence received from the medical source is inadequate to determine whether a claimant is disabled. As discussed, the records of Pat Rogers from the Center do not constitute medical records from a medical source, nor was there any evidence in the record from the Center as to which the ALJ could recontact the source.

Significantly, the ALJ's duty to develop the record was not triggered, since there is nothing in the record which indicates that the record was so inadequate that he could not properly evaluate the evidence as to plaintiff's depression. The record contained hospital and medical records from Providence St. Vincent Hospital and Medical Center, including the Rapid Access Program, for the period February 2002 to April 2002, (Tr. 299-343); medical records from Tualatin Valley Centers for the period July 2002 to April 2003, (Tr. 349-58); a psychodiagnostic consultative examination report dated in September 2002, (Tr. 344-48); a psychiatric review technique form and RFC assessment - mental, completed by State agency physicians dated October 2002 and January 2003, (Tr. 359-76); and the testimony of medical expert Sacks at the hearing on plaintiff's application, (Tr. 54-58). These records and testimony were considered and discussed by the ALJ in his decision.

The record before the ALJ was adequate to allow him to make his decision without further development of the record with regard to plaintiff's depression.

On this record, the Court finds that the ALJ did not err in his development of the record by failing to obtain records from the Open Door Counseling Center.

**Lay testimony**

Plaintiff contends that the ALJ's rationale for rejecting the testimony from plaintiff's wife and his neighbor is contrary to law, and the ALJ also erred because he failed to address written statements from lay witnesses, including statements from his employer.  Plaintiff contends that these statements document anger as well as reduced concentration, persistence, and pace.   Relying on Schneider v. Commissioner, 223 F.3d 968 (9th Cir. 2000), plaintiff asserts that, because the ALJ did not given specific and legitimate reasons for disregarding the witnesses' testimony and written statements, the evidence must be credited as true. Defendant responds that the ALJ appropriately addressed the lay testimony and gave reasons germane to the witnesses.

The Ninth Circuit has recently addressed what an ALJ must do with lay witness testimony:

> In determining whether a claimant is disabled, an ALJ must consider lay witness testimony concerning a claimant's ability to work. See Dodrill v. Shalala, 12 F.3d 915, 919 (9th Cir. 1993); 20 C.F.R. §§ 404.1513(d)(4) & (e), 416.913(d)(4) & (e).  Indeed, "lay testimony as to a claimant's symptoms or how an impairment affects ability to work

> is competent evidence . . . and therefore cannot be disregarded
> without comment." <u>Nguyen v. Chater</u>, 100 F.3d 1462, 1467 (9th Cir.
> 1996) (citations omitted).  Consequently, "[i]f the ALJ wishes to
> discount the testimony of lay witnesses,  he must give good reasons
> that are germane to each witness." <u>Dodrill</u>, 12 F.3d at 919; <u>see also</u>
> <u>Lewis v. Apfel</u>, 236 F.3d 503, 511 [9th Cir. 2001] ("Lay testimony as to
> a claimant's symptoms is competent evidence that an ALJ must take
> into account, unless he or she expressly determines to disregard such
> testimony and gives reasons germane to each witness for doing so."
> (citations omitted)).

<u>Stout v. Commissioner</u>, 454 F.3d 1050, 1053 (9th Cir. 2006); <u>Smolen v. Chater</u> , 80

F.3d 1273, 1288 (9th Cir. 1996).

In his decision, the ALJ addressed the testimony of both witnesses who

testified at the hearing, Quinn Cape, a neighbor of plaintiff's who saw plaintiff daily,

and Gwendolyn Houston, plaintiff's wife.  The ALJ found that their testimony was

not fully credible because, first, their testimony was, in part, dependent on plaintiff's

subjective complaints, which the ALJ found were not fully credible and, second,

because, as lay persons, they cannot determine if observed behaviors of plaintiff are

medically compelled.  (Tr. 21.)

The Court finds that the first reason given by the ALJ is not supported by the

record as to either witness.  A review of Mr. Cape's testimony that it was hard for

plaintiff to stay on task and his mind wandered, plaintiff's anger and irritability,

plaintiff's crying spells, plaintiff's socially inappropriate behavior, and plaintiff's slow

working pace, shows that this testimony was based on Mr. Cape's own observations.

(Tr. 44, 45, 47, 49).  He also testified, in part, about what plaintiff's wife had told him, which related to plaintiff's destructiveness.  The only portion of Mr. Cape's testimony which concerned what plaintiff told him was in response to the ALJ's question whether Mr. Cape had any knowledge about plaintiff's "problems with alcohol and drugs."  (Tr. 48.)  Mr. Cape testified, "Only what [plaintiff]'s told me," and that he had not observed plaintiff participating in drugs or alcohol and had never seen plaintiff drunk or stoned.  (Tr. 48-49.)   A review of Ms. Houston's testimony indicates that her testimony as to plaintiff's failure to comprehend, memory difficulties, irritability with people, crying spells, socially inappropriate behaviors, and anger was based on her observations and experiences living with plaintiff, (Tr. 51-54).  There is nothing in her testimony which indicates that it was based on plaintiff's subjective complaints.  See Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993).   Moreover, lay witnesses make independent observations of a claimant's symptoms all the time; this is the value in considering testimony from lay witnesses.   See id. at 918-19; Smolen, 80 F.3d at 1289 ("testimony from lay witnesses who see the claimant every day is of particular value" (citing Dodrill, 12 F.3d at 919)).

The ALJ also discounted Mr. Cape's and Ms. Houston's testimony because, as lay persons, they could not determine if observed behaviors are medically compelled.  The Court agrees with plaintiff that this reasoning would apply to almost

all lay witness' testimony since not many are medically trained; the Court finds that this reason is not a legitimate reason to reject the lay witness testimony here. Neither witness attempted to testify as to the medical cause of the symptoms or impairments to which they testified, which would not be competent evidence.  See Vincent ex. rel. Vincent v. Heckler, 739 F.2d 1393, 1394-95 (9th Cir. 1984).  Again, lay witness testimony as to a claimant's symptoms or how an impairment affects a claimant's ability to work is competent evidence which can only be discounted if reasons germane to each witness is given.  Stout, 454 F.3d at 1053; Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996) (and cases cited); Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001).

Further, there is nothing in the ALJ's decision which indicates that he considered the third party witness forms in the record completed by a former employer, The Grove Assisted Living Community, (Tr. 213-16); a friend and neighbor, Kemmy Penn, (Tr. 203, 269-76); plaintiff's mother, Dorothy Houston, (Tr. 277-84); and his wife, Ms. Houston, (Tr. 285-92).  These statements  refer to plaintiff's attention span difficulties, his difficulty in getting along with people, and his slow pace, based on observation and experience.  The ALJ must consider all lay witness testimony and cannot disregard it without comment.  Schneider, 223 F.3d at 975-76 (failure to consider letters from claimant's friends and ex-employers); Nguyen, 100 F.3d at 1467; Dodrill, 12 F.3d at 919.

On this record, the Court finds that the ALJ erred when he failed to properly discount the observations of plaintiff's lay witnesses who testified at the hearing, and failed to consider written statements of other lay witnesses.

**Residual functional capacity**

Plaintiff contends that the ALJ's RFC determination is legally flawed because he failed to assess whether plaintiff is capable of working on a "regular and continuing basis," meaning working for eight hours a day for five days a week, even though he has continuous problems with concentration, persistence, and pace, as testified to at the hearing; and because the ALJ failed to address or incorporate all of his limitations identified by the nonexamining State agency physicians, which must be considered. Defendant responds that the ALJ appropriately evaluated the medical evidence.

20 C.F.R. § 404.1527 provides that medical opinions will always be considered regardless of its source, that all evidence from nonexamining sources to be opinion evidence, and that, unless the treating source's opinion is given controlling weight, the ALJ must explain the weight given to opinions of a State agency medical or psychological consultant. 20 C.F.R. § 404.1527(b)(d)(f) (2003).

Here, in their mental RFC assessment, the State psychologists opined in pertinent part as follows: as to "sustained concentration and persistence," plaintiff is moderately limited in "The ability to work in coordination with or proximity to

14 - FINDINGS AND RECOMMENDATION

others without being distracted by them"; as to "social interaction," plaintiff is moderately limited in "The ability to interact appropriately with the general public," "The ability to accept instructions and respond appropriately to criticism from supervisors," "The ability to get along with coworkers or peers without distracting them or exhibiting behavioral extremes," and "The ability to maintain socially appropriate behavior and to adhere to basic standards of neatness and cleanliness"; and as to "adaptation," plaintiff is moderately limited in "The ability to set realistic goals or make plans independently of others."  (Tr. 373-75.)  Further, the State psychologists included the following remarks relating to section C, social interaction: "Cl would be limited to no public contact and brief interactions w/ co-workers due to inappropriate comments, limited social skills, anger problems and depression. Cl has trouble accepting criticism and would need an accom[m]odating supervisor." (Tr. 375.)

In his decision, the ALJ noted the State psychologists' opinion that plaintiff "would have no more than moderate limitations due to his mental impairments." (Tr. 20.)  The ALJ found that their assessment was consistent with the evidence and gave it "substantial weight."  (Tr. 20.)  In his RFC assessment, the ALJ found the following in pertinent part:  "anger control problem which affects his ability to work around others; occasional fatigue; mild impairment on short-term memory and concentration goes from a mild to moderate impairment."  (Tr. 21.)   Although

15 - FINDINGS AND RECOMMENDATION

accepting the State psychologists' opinion and giving it "substantial weight," the ALJ did not include in his RFC assessment any limitation as to public contact.  He included a problem due to anger, but did not address the psychologists' limitations relating to inappropriate comments and limited social skills.  Further, the ALJ included no limitation as to the need to have an accommodating supervisor.[2]

In assessing a claimant's RFC, the ALJ must assess the nature and extent of physical and mental limitations and then determine the RFC "for work activity on a regular and continuing basis."  20 C.F.R. § 404.1454(b)(c); SSR 96-8p; Lewis, 236 F.3d at 516.  Here, the Court has found that the ALJ improperly discounted lay witness testimony and did not consider  other lay witness statements, and that he failed to consider limitations identified by the nonexamining State agency psychologists.  These limitations, if credited, could affect plaintiff's ability to work on a regular and continuing basis.  See Reddick v. Chater, 157 F.3d 715, 724-25 (9th Cir. 1998).

**Hypothetical**

Plaintiff contends that the ALJ's reliance on the testimony of the vocational expert (VE) is flawed because the hypothetical presented to him did not contain  the limitations identified by the lay witnesses and the nonexamining State psychologists.

---

[2]    The Court notes that the ALJ adopted the medical expert's assessment of plaintiff's functional limitations, which included moderate impairment in social functioning.  (Tr. 20.) This limitation was not included by the ALJ in his RFC assessment.

Plaintiff contends that, because the VE testified that plaintiff was incapable of performing any competitive employment when the limitations identified during the hearing were considered, the ALJ's step five determination is not supported by substantial evidence.  Defendant responds that the hypothetical presented to the VE was complete; she asserts that an ALJ is not bound to accept as true the restrictions presented in a hypothetical posed by a claimant's counsel.

A hypothetical which fails to include all of a claimant's limitations does not constitute substantial evidence.  Magallanes v. Bowen, 881 F.2d 747, 756 (9th Cir. 1989).

Here, the ALJ posed a hypothetical to the VE which included the RFC assessment described, supra.  The Court has found that the limitations identified by the lay witnesses were not included because the ALJ erroneously discounted the lay witnesses' testimony who testified at the hearing and he did not consider at all the statements of lay witnesses, including a past employer, who described limitations including plaintiff's ability to stay on task and his slow pace.  The Court has also found that certain limitations identified by the State nonexamining psychologists were not included in the ALJ's RFC assessment.  These limitations were not included in the hypothetical posed to the VE and, therefore, the step five determination is not supported by substantial evidence.

The record shows that, following the hypothetical posed by the ALJ, plaintiff's counsel posed a hypothetical to the VE which added certain limitations testified to at the hearing by Mr. Cape and Ms. Houston, supported by the record, which included problems with memory, attention span, and concentration; irritability and crankiness when dealing with others; crying spells; and occasions of socially inappropriate behavior. (Tr. 63.) The VE testified in response that these additional limitations would affect one-third of the workday and such a person "would not be able to maintain an employment." (Tr. 63-64.)

## Conclusion

The Court has found that the ALJ erred in failing to properly consider the observations of plaintiff's lay witnesses, and in failing to include certain limitations found by the State agency psychologists. Because of these errors, the ALJ's decision is not supported by substantial evidence.

"The decision whether to remand a case for additional evidence, or simply to award benefits is within the discretion of the court." Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987) (citing Stone v. Heckler, 761 F.2d 530 (9th Cir. 1985)). Remand is appropriate where further proceedings would be likely to clear up defects in the administrative proceedings, unless the new proceedings would simply serve to delay the receipt of benefits and are unlikely to add to the existing findings. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989); Schneider, 223 F.3d at 976.

In some circumstances, where the ALJ has improperly credited testimony or failed to consider it, the Ninth Circuit has credited the rejected testimony. McCartey v. Massanari, 298 F.3d 1072, 1076-77 (9th Cir. 2002) (claimant's pain testimony); Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995) (treating and examining physicians' opinions). However, in Connett v. Barnhart, 340 F.3d 871, 876 (9th Cir. 2003), the Ninth Circuit determined that the "crediting as true" doctrine is not mandatory and the court has some flexibility in applying the doctrine. (Citing Dodrill, 12 F.3d 915; Nguyen, 100 F.3d 1462; Byrnes v. Shalala, 60 F.3d 639 (9th Cir. 1995); Bunnell v. Sullivan, 947 F.2d 341 (9th Cir. 1991), in which the courts remanded for credibility findings).

Here, the record conflicts regarding plaintiff's memory, concentration, and pace. On this record, the Court exercises its discretion and remands for further proceedings. See Stout, 454 F.3d at 1053-54, 1056-57 (remanding for further proceedings despite VE testimony that constant supervision is unacceptable in competitive employment); Connett, 340 F.3d at 876.

## **RECOMMENDATION**

Based on the foregoing, and pursuant to sentence four of 42 U.S.C. § 405(g), it is recommended that the decision of the Commissioner be reversed and the matter remanded for further administrative proceedings consistent with the Court's order, and that judgment be entered accordingly.

19 - FINDINGS AND RECOMMENDATION

**This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.** Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. **The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have ten days within which to file a response to the objections.** Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this __24____ day of August, 2006.


_____/s/_____
JOHN P. COONEY
United States Magistrate Judge

20 - FINDINGS AND RECOMMENDATION